UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHINA HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6676 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | |
| P.O. JAMES TYSZKO #70 and P.O. | ) | Magistrate Judge Cox |
| MIKOS #61, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Now come Defendants James Tyszko and Kevin Mikos (herein sued as "P.O. James Tyszko #70 and P.O. Mikos #61"), by their attorney, Gregory E. Rogus, and in answer to Plaintiff's First Amended Complaint at Law state the following:

## COUNT I – EXCESSIVE FORCE

1.     This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, and accomplished by acts and/or omissions of the Defendants.

**Answer:**     Defendants deny that Plaintiff has any meritorious cause as against either of them under any of the laws recited in Paragraph 1, and deny that they deprived the Plaintiff of any of her Civil Rights or committed any wrongful acts and/or omissions.

2.     Jurisdiction is based on Title 28 U.S.C. §1331 and §1343.

**Answer:**     Defendants do not contest this Court's jurisdiction.

3.     The Plaintiff, Ashina Hicks, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

**Answer:**      Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 3, and on that basis deny same.

4.      The Defendants, P.O. James Tyszko and P.O. Mikos, was (sic), at all relevant times, duly appointed officer (sic) of the Alsip Police Department and at all relevant times, acting within their scope of employment and under color of law.

**Answer:**      Defendants admit that they were, at all relevant times, duly appointed officers of the Alsip Police Department and were, at all relevant times, acting within the scope of their employment and under color of law.

5.      On or about February 10, 2007, the Plaintiff was driving behind her cousin when her cousin was stopped for an alleged traffic violation.

**Answer:**      Defendant Mikos admits that on the date alleged, he stopped an individual for a traffic violation.  Defendant Mikos denies that Plaintiff was driving behind that individual at or just before the stop was made.  Defendant Mikos is without knowledge or information sufficient to form a belief regarding the truth of the allegation that the individual he stopped was Plaintiff's cousin, and on that basis denies same.  Defendant Tyszko admits on information and belief that Defendant Mikos had stopped an individual on the date alleged, but is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained  in Paragraph 5, and on that basis denies same.

6.      The plaintiff stopped her vehicle but then intended to leave.

**Answer:**      Defendant Mikos admits that Plaintiff stopped her vehicle and, on information and belief, that she eventually intended to leave the scene.  On information and belief, Defendant Tyszko admits the allegations contained in Paragraph 6.

7.     The plaintiff drove away but was then cut-off by Officer Tyszko.

**Answer:**     Defendants admit that Plaintiff began to drive away from the area where Defendant Mikos had stopped the other vehicle, and that Officer Tyszko blocked her vehicle from exiting that location, but deny that Officer Tyszko "cut her off."

8.     P.O. Tyszko ran over and pulled the plaintiff from the vehicle without just cause or provocation.  Officer Tyszko threw the plaintiff to the ground.

**Answer:**     Defendants deny the allegations contained in Paragraph 8.

9.     The Plaintiff, Ashina Hicks, was not committing a crime or breaking any laws.

**Answer:**     Defendants deny the allegations contained in Paragraph 9.

10.     The plaintiff complained and asked that he stop his use of force.

**Answer:**     Defendants deny the allegations contained in Paragraph 10.

11.     Officer Tyszko and Officer Mikos put guns to her and placed their knees in her back.

**Answer:**     Defendants deny the allegations contained in Paragraph 11.

12.     The Plaintiff questioned the Defendants as to why she was being stopped and the manner she was being treated.

**Answer:**     Defendants deny the allegations contained in Paragraph 12.

13.     The handcuffs were placed on too tight despite her complaints.

**Answer:**     Defendants deny the allegations contained in Paragraph 13.

14.     The Plaintiff was injured and required medical care.

**Answer:**     Defendants deny the allegations contained in Paragraph 14.

15.     The Plaintiff did nothing to provoke these actions.

**Answer:**     Defendants deny the allegations contained in Paragraph 15.

3

16.     The force used by Defendants P.O. James Tyszko and P.O. Mikos was unprovoked, unnecessary and excessive.

**Answer:**     Defendants deny the allegations contained in Paragraph 16.

17.     The actions of Defendants P.O. James Tyszko and P.O. Mikos were done intentionally and with malice.

**Answer:**     Defendants deny the allegations contained in Paragraph 17.

18.     Due to the actions of the Defendants, P.O. James Tyszko and P.O. Mikos, the Plaintiff, Ashina Hicks, was injured.

**Answer:**     Defendants deny the allegations contained in Paragraph 18.

19     The actions of Defendants P.O. James Tyszko and P.O. Mikos violated the Plaintiff, Ashina Hicks' Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**Answer:**     Defendants deny the allegations contained in Paragraph 19.

20     As a direct and proximate consequence of said conduct of the Defendants, P.O. James Tyszko and P.O. Mikos, Plaintiff, Ashina Hicks, suffered a violation of her constitutional rights, emotional anxiety, fear, extreme pain and suffering as well as future suffering and permanency.

**Answer:**     Defendants deny the allegations contained in Paragraph 20.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment against either of them in any amount whatsoever, and pray that judgment be entered instead in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs.

## COUNT II – FALSE ARREST

1-15.   The Plaintiff realleges and incorporates her allegations of Paragraph 1-14 of Count I as her respective allegations of paragraph 1-15 of Count II as though fully set forth herein.

**Answer**:     Defendants restate their answers to Paragraphs 1-14 of Count I as their answers to Paragraphs 1-15 of Count II as though fully set forth herein.

4

16.     Defendants officers thereafter arrested the plaintiff.

**Answer:**     Defendants admit that Plaintiff was placed under arrest.

17.     The Plaintiff was not committing a crime or breaking any laws.

**Answer:**     Defendants deny the allegations contained in Paragraph 17.

18.     There was no probable cause to arrest the Plaintiff or take her into custody.

**Answer:**     Defendants deny the allegations contained in Paragraph 18.

19.     The actions of Defendants P.O. James Tyszko and P.O. Mikos were intentional, willful and wanton.

**Answer:**     Defendants deny the allegations contained in Paragraph 19.

20      The actions of Defendants P.O. James Tyszko and P.O. Mikos violated the Plaintiff, Ashina Hicks' Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

**Answer:**     Defendants deny the allegations contained in Paragraph 20.

21      As a direct and proximate consequence of said conduct of Defendants P.O. James Tyszko and P.O. Mikos, Plaintiff Ashina Hicks suffered a violation of her constitutional rights, emotional anxiety, fear, extreme pain and suffering, as well as future suffering and permanency.

**Answer:**     Defendants deny the allegations contained in Paragraph 21.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment against either of them in any amount whatsoever, and pray that judgment be entered instead in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs.

## COUNT III - MALICIOUS PROSECUTION

1-16.     The Plaintiff hereby realizes (sic) and incorporates her allegations of paragraphs 3-18 of Count II as her respective allegations of paragraphs 1-16 of Count III as though fully set forth herein.

**Answer**:     Defendants restate their answers to Paragraphs 3 - 18  of Count II as their answers to Paragraphs 1-16 of Count III as though fully set forth herein.

5

17.     The defendants proceeded with these criminal allegations despite knowing they were false.

**Answer:**     Defendants deny the allegations contained in Paragraph 17.

18.     The actions of the defendant were intentional, willful and wanton.

**Answer:**     Defendants deny the allegations contained in Paragraph 18.

19.     This matter went to trial and was resolved in the favor of the plaintiff.

**Answer:**     Defendants admit there was a trial or other court proceeding, but are without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in Paragraph 19, and on that basis deny same.

20.     As a result of the actions of the defendants the plaintiff suffered emotional distress, fear, anxiety and monetary expense.

**Answer:**     Defendants deny the allegations contained in Paragraph 20.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment against either of them in any amount whatsoever, and pray that judgment be entered instead in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs.

## AFFIRMATIVE DEFENSES

1.     The actions taken by Defendants, and each of them, did not violate any clearly established rights held by the Plaintiff.  The Defendants are accordingly entitled to qualified immunity with regard to Counts I and II.

2.     Defendants are immune from liability under Count III by virtue of the Illinois Tort Immunity Act, 745 ILCS §2-202.

3.     Defendant Mikos is immune from liability under Count III by virtue of the Illinois Tort Immunity Act, 745 ILCS §2-204.

6

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment against either of them in any amount whatsoever, and pray that judgment be entered instead in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs.

Respectfully submitted,

Segal McCambridge Singer & Mahoney, Ltd.

By: _____

Attorneys for Defendants

Gregory E. Rogus, Esq. (A.R.D.C. #3128154)
Anastasios T. Foukas, Esq. (A.R.D.C. #6281404)
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 S. Wacker Dr.
Chicago, IL 60606
312-645-7800
898918

7